**CT Corporation**

**Service of Process Transmittal**
04/28/2015
CT Log Number 527028857

**TO:** Peter Rill
LifeSecure Insurance Company
10559 Citation Dr Ste 300
Brighton, MI 48116-8399

**RE:** **Process Served in Texas**

**FOR:** LifeSecure Insurance Company (Domestic State: MI)

APR 3 0 2015

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan Kelly, Pltf. vs. LifeSecure Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Attachment(s), Original Petition |
| **COURT/AGENCY:** | 348th Judicial District Court Tarrant County, TX<br>Case # 34827773315 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/28/2015 at 12:15 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service |
| **ATTORNEY(S) / SENDER(S):** | Mark S. Humphreys<br>Mark S. Humphreys, P.C.<br>702 Dalworth Street<br>Grand Prairie, TX 75050<br>972-263-3722 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 780576683876 |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |



Page 1 of 1 / DR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

THE STATE OF TEXAS        SERVICE COPY
DISTRICT COURT, TARRANT COUNTY

## CITATION      Cause No. 348-277733-15

SUSAN KELLY
VS.
LIFESECURE INSURANCE COMPANY

TO: LIFESECURE INSURANCE COMPANY

B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS, TX 75201-313
US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION (WITH DISCLOSURE REQUEST) at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

SUSAN KELLY

Filed in said Court on April 6th, 2015 Against
LIFESECURE INSURANCE COMPANY

For suit, said suit being numbered 348-277733-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION (WITH DISCLOSURE REQUEST) a copy of which accompanies this citation.

MARK S HUMPHREYS
Attorney for SUSAN KELLY Phone No. (972)263-3722
Address    702 DALWORTH ST GRAND PRAIRIE, TX 75050

__Thomas A. Wilder__ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 16th day of April, 2015.

By _____ Deputy
KIMBERLY KIRKLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

### OFFICER'S RETURN

Received this Citation on the _____ day of _____, ____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, ____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION (WITH DISCLOSURE REQUEST), having first endorsed on same the date of delivery.

| Date | Time | Sign |
|---|---|---|
| 4-28-15 | 12:15 pm | jw |

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this ___ day of _____
to certify which witness my hand and seal of office
(Seal)

County of _____, State of _____

## CITATION

Cause No. 348-277733-15

SUSAN KELLY

VS.

LIFESECURE INSURANCE
COMPANY

ISSUED

This 16th day of April, 2015

    Thomas A. Wilder
  Tarrant County District Clerk
     401 W BELKNAP
  FORT WORTH TX 76196-0402

By     KIMBERLY KRUMLAND Deputy

---

MARK S HUMPHREYS
Attorney for: SUSAN KELLY
Phone No. (972)263-3722
ADDRESS: 702 DALWORTH ST

   GRAND PRAIRIE, TX 75050

## *CIVIL LAW*



*34827773315000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**SERVICE COPY**

FILED
TARRANT COUNTY
4/6/2015 3:31:59 PM
THOMAS A. WILDER
DISTRICT CLERK

348-277733-15

Cause No. _____

| | | |
|---|---|---|
| Susan Kelly | § | In the _____ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| LifeSecure Insurance Company | § | Tarrant County, Texas |

## PLAINTIFF'S ORIGINAL PETITION
### (with Disclosure Request)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **Susan Kelly** (DL468/SS980), hereinafter called Plaintiff, complaining of and about **LifeSecure Insurance Company**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

1. **SERVICE**

Defendant **LifeSecure Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2. **JURISDICTION**

The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $200,000.00 but less than $1,000,000.00.

3. **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Tarrant County is proper in this cause in that it is where the deceased resided.

4. **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5. **WRITTEN NOTICE GIVEN.**

A.   Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B.   Notice letter was issued January 29, 2015, and this lawsuit is being filed before the expiration of 60 days.

348-277733-15

6. **FACTS**

A.   Kenneth Kelly took out the above policy of life insurance on himself naming Susan Kelly as the primary beneficiary.

B.   On August 1, 2003, Kenneth Kelly transferred ownership to the life insurance policy to Plaintiff and Plaintiff opted to keep herself as the beneficiary.

C.   On November 30, 2006, Kenneth and Kelly divorced and the divorce awarded / confirmed Plaintiff's ownership in the life insurance policy.

D.   On November 1, 2014, the life insurance policy owned by Plaintiff and naming Plaintiff as the beneficiary was in full force and effect.

E.   On November 1, 2014, Kenneth died.

F.   Plaintiff made a claim for benefits. Defendant acknowledged this claim in a letter dated December 12, 2014.

G.   Plaintiff immediately provided Defendant with all the information Defendant needed to pay the claim and or Defendant already had the information.

H.   Defendant denied Plaintiff's claim for Life insurance benefits in a letter dated January 15, 2015.

7. **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A.   It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Plaintiff incorporates herein all the facts as set forth above. Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   a.   TIC § 541.060(a)(1):   Defendant has violated this section by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue by telling Plaintiff that she, by operation of Texas law, she is no longer the beneficiary of the policy.

   b.   TIC § 541.060(a)(7):   Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that Defendant has not properly reviewed the documentation cited in the "FACTS" portion and researched any applicable law to confirm Plaintiff's right to recover as beneficiary of the policy.

   c.   TIC § 541.061(1): Defendant has violated this section by making an untrue statement of material fact, i.e., that Plaintiff was not eligible for policy benefits because she and Kenneth were divorced.

   d.   TIC § 541.061(4):   Defendant violated this section by making a material misstatement of law, i.e., that Plaintiff was not eligible for policy benefits because she and Kenneth were divorced.

   e.   TIC § 542.051 - 542.061:  Defendant has violated these sections by not paying Plaintiff's claim for benefits in a timely manner after Defendant had received all the information Defendant reasonably needed to make a determination to pay Plaintiff.

348-277733-15

## 8. PROMPT PAYMENT OF CLAIMS ACT

Defendant had all the information needed to pay Plaintiff's claim upon the receipt of the Certificate of Death. As a result this claim should have been accepted and paid January 15, 2015.

   a) Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

## 9. KNOWING AND INTENTIONAL

Defendants committed additional violations of TIC, including but not limited to:

   a) TIC, §541.152(a)(1)   The Defendant knowingly committed the acts complained of and incorporates herein all allegations set forth in this petition / complaint.

   b) TIC, §541.152(b): It appears Defendant's conduct as alleged above was committed knowingly in that Defendant had actual awareness of the falsity, unfairness, or deceptiveness of the acts complained of above.

## 10. BREACH OF CONTRACT

It is Plaintiff's contention that Defendant's conduct constitutes unfair and deceptive acts or practices in breach of contract for which Defendant can be held responsible, to-wit:

   a) There is a valid, enforceable contract of life insurance between Defendant and Plaintiff.

   b) Plaintiff is a proper party to sue for breach of the life insurance contract.

   c) Plaintiff has performed under the life insurance contract.

   d) Defendant has breached the life insurance contract by not paying Plaintiff's claim for benefits.

   e) Defendant's breach of the life insurance contract has caused harm to Plaintiff

## 11. DAMAGES.

Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   a) Actual damages for policy benefits.

   b) Doubling of damages due to the intentional nature of Defendant's conduct in this matter.

   c) Mental anguish damages resulting from Defendant's conduct in this matter.

   d) Reasonable and necessary attorney fees resulting from Defendant's conduct in this matter.

   e) Penalty at 18% per annum on actual damages from January 15, 2015, until paid

348-277733-15

### 12. DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:

A. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant **LifeSecure Insurance Company** is requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l). A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

B. The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

### 13. USE OF DOCUMENTS:

Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

### 14. ATTORNEY'S FEES.

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

### 15. PRE-JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### 16. POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### 17. COSTS OF SUIT.

A. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

348-277733-15

**18.   REQUEST FOR JURY TRIAL.**

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**19.   PRAYER.**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on April 3, 2015.

Respectfully submitted,

BY: _____
    Mark S. Humphreys - SBOT #00788762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722        *        Fax. (972) 237-1690
Email:   texaslaw94@yahoo.com
**Attorney for Plaintiff Susan Kelly**