IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SUSAN KELLY,                            §
                            Plaintiff   §
                                        §
v.                                      §        C.A. No. 4:15-cv-398
                                        §
LIFESECURE INSURANCE COMPANY,           §
                            Defendant   §
                                        §

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Susan Kelly** (DL468/SS980), hereinafter called Plaintiff, complaining of and about **LifeSecure Insurance Company,** hereinafter called Defendant, and for cause of action shows unto the Court the following:

1.      **SERVICE**

Defendant **LifeSecure Insurance Company** is an insurance company, doing business in the State of Texas.  Said Defendant has been served and has filed an answer.

2.      **JURISDICTION**

The amount in controversy exceeds $75,000.000 and the parties are diverse.

3.      **VENUE**

Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Tarrant County is proper in this cause in that it is where the deceased resided under 28 U.S.C. §1391(b)(2).

4.      **AGENCY AND VICARIOUS LIABILITY.**

Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

5.    **WRITTEN NOTICE GIVEN**.

A.     Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

B.     Notice letter was issued January 29, 2015, and this lawsuit is being filed before the expiration of 60 days.

6.    **FACTS**

A.     Kenneth Kelly took out the above policy of life insurance on himself naming Susan Kelly as the primary beneficiary.

B.     On August 1, 2003, Kenneth Kelly transferred ownership to the life insurance policy to Plaintiff and Plaintiff opted to keep herself as the beneficiary.

C.     On November 30, 2006, Kenneth and Kelly divorced and the divorce awarded / confirmed Plaintiff's ownership in the life insurance policy.

D.     On November 1, 2014, the life insurance policy owned by Plaintiff and naming Plaintiff as the beneficiary was in full force and effect.

E.     On November 1, 2014, Kenneth died.

F.     Plaintiff made a claim for benefits.  Defendant acknowledged this claim in a letter dated December 12, 2014.

G.     Plaintiff immediately provided Defendant with all the information Defendant needed to pay the claim and or Defendant already had the information.

H.     Defendant denied Plaintiff's claim for Life insurance benefits in a letter dated January 15, 2015.

7.    **VIOLATIONS OF THE TEXAS INSURANCE CODE**

A.     Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B.     It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Plaintiff incorporates herein all the facts as set forth above.  Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   1.    TIC § 541.060(a)(1):  Defendant has violated this section by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue by telling

Plaintiff that she, by operation of Texas law, she is no longer the beneficiary of the policy.

2.     TIC § 541.060(a)(7):  Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that Defendant has not properly reviewed the documentation cited in the "FACTS" portion and researched any applicable law to confirm Plaintiff's right to recover as beneficiary of the policy.

3.     TIC § 541.061(1):      Defendant has violated this section by making an untrue statement of material fact, i.e., that Plaintiff was not eligible for policy benefits because she and Kenneth were divorced.

4.     TIC § 541.061(4):      Defendant violated this section by making a material misstatement of law, i.e., that Plaintiff was not eligible for policy benefits because she and Kenneth were divorced.

5.     TIC § 542.051 - 542.061:      Defendant has violated these sections by not paying Plaintiff's claim for benefits in a timely manner after Defendant had received all the information Defendant reasonably needed to make a determination to pay Plaintiff.

## 8.     **PROMPT PAYMENT OF CLAIMS ACT**

A.     Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B.     Defendant had all the information needed to pay Plaintiff's claim upon the receipt of the Certificate of Death.  As a result this claim should have been accepted and paid January 15, 2015.

1.     Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

## 9.     **KNOWING AND INTENTIONAL**

A.     Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B.     Defendants committed additional violations of TIC, including but not limited to:

1.     TIC, §541.152(a)(1)   The Defendant knowingly committed the acts complained of and incorporates herein all allegations set forth in this petition / complaint.

2.     TIC, §541.152(b):     It appears Defendant's conduct as alleged above was committed knowingly in that Defendant had actual awareness of the falsity, unfairness, or deceptiveness of the acts complained of above.

**10.**   **BREACH OF CONTRACT**

A.    Plaintiff incorporates "FACTS" set forth above for all purposes herein as if verbatim.

B.    It is Plaintiff's contention that Defendant's conduct constitutes unfair and deceptive acts or practices in breach of contract for which Defendant can be held responsible, to-wit:

   1.    There is a valid, enforceable contract of life insurance between Defendant and Plaintiff.

   2.    Plaintiff is a proper party to sue for breach of the life insurance contract because she was the policy beneficiary

   3.    Plaintiff has performed under the life insurance contract by paying premiums and cooperating with Defendant's investigation.

   4.    Defendant has breached the life insurance contract by not paying Plaintiff's claim for benefits.

   5.    Defendant's breach of the life insurance contract has caused harm to Plaintiff.

**11.**   **DAMAGES.**

A.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   1.    Actual damages for policy benefits.

   2.    Doubling of damages due to the intentional nature of Defendant's conduct in this matter.

   3.    Mental anguish damages resulting from Defendant's conduct in this matter.

   4.    Reasonable and necessary attorney fees resulting from Defendant's conduct in this matter.

   5.    Penalty at 18% per annum on actual damages from January 15, 2015, until paid

**12.**   **ATTORNEY'S FEES.**

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as

provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

### 13.   PRE-JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

### 14.   POST JUDGMENT INTEREST.

As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

### 15.   COSTS OF SUIT.

A.      In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

B.      Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

### 16.   REQUEST FOR JURY TRIAL.

Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

### 17.   PRAYER.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

\*                                          \*                                          \*

SIGNED on September 28, 2015.

Respectfully submitted,

/s/ Mark S. Humphreys
BY:    Mark S. Humphreys   - SBOT #00789762
MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722  *      Fax.  (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney for Plaintiff Susan Kelly**

**CERTIFICATE OF SERVICE:**    On September 28, 2015, the undersigned hereby certifies that an electronically transmitted copy of this document was sent to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing was sent to all known defense counsel.

/s/ Mark S. Humphreys
Attorney for Plaintiff

**CERTIFICATE OF SERVICE:**

On September _____, 2015, the undersigned hereby certifies that an electronically transmitted copy of this document was sent to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing was sent to all known defense counsel.

/s/ Mark S. Humphreys
Attorney for Plaintiff